**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARK BAILEY,                                     )
                     Plaintiff,           )        Civil Action No. 15-07
                                    )
                     v.                     )        District Judge Joy Flowers Conti/
                                    )        Magistrate Judge Robert C. Mitchell
STATE FARM MUTUAL AUTOMOBILE, )
INSURANCE COMPANY,                        )
                     Defendant.         )


## REPORT AND RECOMMENDATION


ROBERT C. MITCHELL, United States Magistrate Judge.


### I.  RECOMMENDATION

This case was removed to this Court on January 5, 2015.  Plaintiff, Mark Bailey, brought

the present action against State Farm Mutual Automobile Insurance Company ("State Farm") for

failure to pay Plaintiff benefits from an insurance policy.  On February 5, 2015, State Farm filed

a motion to dismiss Plaintiff's complaint for failure to state a claim. Def.'s Mot. to Dismiss [ECF

No. 6].  Plaintiff responded thereto on March 6, 2015 [ECF Nos. 9, 10] and State Farm filed its

reply on March 20, 2015. [ECF No. 11].  Therefore, the motion is fully briefed and ripe for

disposition.  For the following reasons, it is respectfully recommended that State Farm's motion

to dismiss [ECF No. 6] be granted and Plaintiff's complaint be dismissed with prejudice.

### II.  REPORT

    a.  <u>Background</u>

In November, 2012, Plaintiff was critically and permanently injured in a motor vehicle

collision while he was an occupant of a third party's vehicle.  At the time of the accident,

Plaintiff was a named insured on a motor vehicle policy with Titan Insurance, a division of Nationwide, which was in full force and effect. The Titan policy did not cover extraordinary medical benefits. Plaintiff resided with his mother, Karen Bailey, at the time of the accident who was the named insured on a motor vehicle insurance policy issued by Defendant, State Farm. Because Plaintiff lived with his mother at the time of the accident, he was deemed an "insured" under his mother's policy, but was not considered a "named insured." Plaintiff's Titan insurance policy provided $5,000 in first party medical benefits. The State Farm policy provided $5,000 in first party medical benefits and $1,000,000 for extraordinary medical benefits or "Q" coverage.

After the accident, Plaintiff submitted a first party benefits claim under the State Farm policy. State Farm provided medical payments in the amount of $5,000. Upon discovery of the Titan policy, Titan reimbursed State Farm $5,000 for the previously paid medical benefits, as the Titan policy was of higher priority under 75 Pa.C.S.A. § 1713. Thereafter, because Plaintiff's medical expenses were in excess of the $100,000 threshold required to claim extraordinary medical benefits, Plaintiff made a claim for extraordinary medical benefits under his mother's State Farm policy. State Farm denied Plaintiff's claim for extraordinary medical benefits.

Plaintiff thereafter brought the present action against State Farm claiming breach of contract and bad faith for the failure to pay extraordinary medical benefits. State Farm filed the instant motion to dismiss arguing that it properly denied extraordinary medical benefits coverage under his mother's policy. State Farm argues that Plaintiff's complaint should be dismissed with prejudice because under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") and case law interpreting the MVFRL, an insured is limited to recover only those benefits available from the highest priority level if the policies are of unequal priority levels. With this framework, State Farm argues that Plaintiff may only recover under his Titan policy

which is deemed a higher priority policy than his mother's State Farm policy.

Plaintiff responds that his complaint should not be dismissed as a matter of law because the MVFRL does not preclude combining the limits of coverage of medical benefits and extraordinary medical benefits on multiple insurance policies and cites *Buddock v. Cincinnati Ins. Co.*, 1996-cv-5219 (Oct. 2, 1998 Cm. Pleas Northampton Cnty.)[1] in support of this argument.

For the reasons that follow, it is respectfully recommended that State Farm's motion to dismiss be granted and Plaintiff's complaint be dismissed with prejudice.

  b. <u>Standard of Review</u>

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561 (citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC*

---

[1] While Plaintiff attached a copy of the *Buddock* case to its brief in opposition, this opinion has not been published on Westlaw or LexisNexis, and therefore the only citation available for reference is the opinion's docket number. A full copy of the case is available at Plaintiff's Brief in Opposition [ECF No. 10] at 17-28.

*Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may take into consideration "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Although a district court may not generally consider matters extraneous to pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it may consider documents <u>integral to or explicitly relied upon</u> in a complaint without converting the motion to dismiss into a motion for summary judgment. *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added). Therefore, it is proper for the Court to consider the insurance policies attached to the complaint in making this recommendation.

     c. <u>Discussion</u>

Because a claim of bad faith denial of insurance benefits only remains if there is a breach of the insurance contract, the Court will first discuss whether Plaintiff's claim for breach of the insurance contract fails to state a claim as a matter of law. *See Kelly v. Allstate Ins. Co.*, 138 F.Supp.2d 657, 662-63 ("[I]n order to recover on a claim for bad faith, a plaintiff must demonstrate by clear and convincing evidence that the insurer did not have a reasonable basis for denying a claim."); *Sheikh v. Travelers Pers. Ins. Co.*, 2007 WL 2571451, at *3 (E.D.Pa. Aug. 31, 2007) (dismissing plaintiffs' bad faith claim because insurance company was under no

obligation to provide coverage and insurance company had a reasonable basis for denying coverage).

### 1. Plaintiff's Breach of Contract Claim

Section 1713 of the MVFRL provides the order of priority of benefits where multiple policies apply to an insured:

> **(a) General rule.--**Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage in the following order of priority:
>
> > (1) For a named insured, the policy on which he is the named insured.
> >
> > (2) For an insured, the policy covering the insured.
> >
> > (3) For the occupants of an insured motor vehicle, the policy on that motor vehicle.
> >
> > (4) For a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident. For the purpose of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident unless it was parked so as to cause unreasonable risk of injury.

75 Pa. Cons. Stat. Ann. § 1713. Therefore, a policy in which an individual is considered the "named insured" is given a higher priority of benefits than a policy on which an individual is considered only an "insured."

Section 1717 prohibits the stacking of benefits and provides:

> First party benefits shall not be increased by stacking the limits of coverage of:
>
> > (1) multiple motor vehicles covered under the same policy of insurance; or

(2) multiple motor vehicle policies covering the individual for the same loss.

75 Pa. Cons. Stat. Ann. § 1717. The State Farm policy also contains a priority of coverage provision that mirrors the MVFRL in terms of priority coverage:

> When more than one policy applies, the *person* who suffers *bodily injury* shall recover *first party benefits* against applicable insurance coverage in the following order of priority:
>
> > a. The policy on which the *person* is a named insured.
> >
> > b. The policy providing coverage because the *person* is residing in the household of a named insured and is: (1) a spouse or other relative of a named insured; or (2) a minor in the custody of either a named insured or a relative of a named insured.
> >
> > c. The policy covering the *motor vehicle occupied* by the injured *person* at the time of the accident.
> >
> > d. For a *person* who is not the occupant of a *motor vehicle* involved in the accident.

Def.'s Br. in Supp. of Mot. to Dismiss [ECF No. 7] at 6-7 (quoting State Farm Policy Ex. A [ECF No. 6-2] at 15-16) (emphasis in original). The policy defines "first party benefits" as both medical benefits and extraordinary medical benefits. *Id.* at 6 (quoting State Farm Policy Ex. A [ECF No. 6-2] at 12). The policy also contains an anti-stacking provision which provides: "THIS POLICY DOES NOT APPLY IF THERE IS ANOTHER POLICY AT A HIGHER PRIORITY LEVEL. Item a. above is considered the highest priority. Item d. is the lowest priority." *Id.* (quoting State Farm Policy Ex. A [ECF No. 6-2] at 16) (emphasis in original).

State Farm argues that both the MVFRL and the policy preclude Plaintiff from recovering extraordinary medical benefits under the State Farm policy and it has therefore not breached any contract. State Farm specifically argues that Plaintiff's Titan policy is the highest priority policy because he is the "named insured" on that policy and is not a named insured on his mother's State Farm policy which makes the State Farm policy a lower priority than the Titan policy. Because both

the MVFRL prohibits increasing coverage limits by combining multiple policies covering an individual for the same loss and the State Farm policy does not apply for payment of first party benefits if there is another policy at a higher priority level, State Farm argues that Plaintiff cannot recover extraordinary medical benefits under the State Farm policy.

Plaintiff responds that case law interpreting the MVFRL on this issue permits him to recover extraordinary medical benefits from State Farm.

In a diversity action, a federal district court must ascertain how the state's highest court would rule if presented with the case. *2-J Corp. v. Tice*, 126 F.3d 539, 541 (3d Cir. 1997). In making this determination, "decisions of the Pennsylvania Supreme Court are, of course, the authoritative source." *State Farm Mut. Auto. Ins. Co. v. Coviello*, 233 F.3d 710, 713 (3d Cir. 2000). If there is no authority from the Pennsylvania Supreme Court on the issue presented, the federal district court must consider "pertinent decisions of the lower state courts, opinions of federal appeals and district courts, and other authoritative sources." *State Farm Mut. Auto Inc. Co. v. Coviello*, 220 F.Supp.2d 401, 403 (M.D.Pa. 2002) (citing *Coviello*, 233 F.3d at 713). "In attempting to forecast state law, we must consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." *Tice*, 126 F.3d at 541 (quoting *Aloe Coal Co. v. Clark Equipment Co.*, 816 F.2d 110, 117 (3d Cir. 1987)).

Neither party cites to a controlling case issued by the Pennsylvania Supreme Court in support of their respective positions, therefore the Court will consider the relevant state precedents on this issue.

In *Wheeler v. Nationwide Mutual Fire Insurance Company*, 905 A.2d 504, 505 (Pa.Super.Ct. 2006) the plaintiff was involved in a motor vehicle accident while driving a vehicle owned by his mother and insured by Nationwide. His mother's policy provided income loss benefits. *Id.* At the time of the accident, Wheeler was a policy holder of his own Nationwide policy that did not provide

for income loss benefits. *Id.* Wheeler applied for income loss benefits under his mother's Nationwide policy and was denied. *Id.* Wheeler brought suit against Nationwide for the denial of benefits and Nationwide sought to have the complaint dismissed on the basis that Wheeler's own policy was of higher priority and he could therefore not collect benefits under his mother's policy. *Id.* After setting forth the applicable statutory provisions under 75 Pa.C.S. § 1713, the court found:

> An insured is entitled to recover only from a source of highest priority, which would be the policy on which he is the named insured. Interpreting this section, this Court has stated that **insureds are not entitled to receive benefits from multiple sources at different priority levels.** We recognized that,
>
>> [t]his section creates a clear order of priority of first party benefits coverage. The provision of §1713(b) regarding procedures to be followed in the event of multiple sources of coverage is limited to sources of equal priority. Since the statute explicitly treats the issue of multiple sources of coverage among insurers of equal priority, its silence regarding insurers at different priority levels indicates that contribution in this context is not an issue. **The logical interpretation of the limitation of § 1713(b) to insurers at an equal priority level is that insureds are not entitled to benefits from multiple sources at different priority levels**.
>
> [(emphasis added)].

*Id.* at 506-07 (quoting *Laguna v. Erie Ins. Grp.*, 536 A.2d 419, 421 (Pa.Super.Ct. 1988)) (emphasis added).

Here, while Plaintiff argues that the logic of *Buddock* applies, neither the facts of this case nor its reasoning is relevant. *Buddock* concerned the recovery of extraordinary medical benefits from policies of the same priority, as the plaintiff in Buddock was considered an "insured" under both of the policies he was covered under. In the instant case, Plaintiff admittedly has two policies at two different priority levels. Under the MVFRL and the explicit terms of the State Farm policy, if there is a higher priority level policy, that policy is the only policy that is obligated to pay benefits. Plaintiff is not entitled to receive benefits from multiple policies at different priority levels. Plaintiff

was the named insured under his own Titan policy, but only the "insured" on his mother's State Farm policy. As Plaintiff was a named insured on the Titan policy, Section 1713 gives the Titan policy a higher priority than the State Farm policy and therefore Plaintiff cannot recover extraordinary medical benefits under the State Farm policy. State Farm was under no obligation to pay Plaintiff extraordinary medical benefits and did not breach its contract for failing to do so.

Accordingly, it is respectfully recommended that Defendant's motion to dismiss be granted and Plaintiff's breach of contract claim be dismissed with prejudice.

### 2. *Plaintiff's Bad Faith Claim*

As explained *supra*, because Plaintiff cannot state a claim for a breach of the insurance contract, his bad faith claim also must fail because State Farm was under no obligation to provide extraordinary medical benefits to Plaintiff under his mother's policy and therefore had a reasonable basis for denying coverage of said benefits. *See Kelly*, 138 F.Supp.2d at 662-63; *Sheikh*, 2007 WL 2571451 at *4. Accordingly, it is respectfully recommended that Defendant's motion to dismiss be granted and Plaintiff's bad faith claim be dismissed with prejudice.

## III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant, State Farm's motion to dismiss [ECF No. 6] be granted and Plaintiff's complaint be dismissed with prejudice.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules pertaining to Magistrate Judges, the parties are permitted until April 30, 2015 to file written objections to this Report and Recommendation. Failure to do so may waive the right to appeal. Any party opposing written objections shall have fourteen days after the service of such objections to respond thereto.

Dated: April 14, 2015

Respectfully submitted,

/s Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc:     The Honorable Joy Flowers Conti
        United States District Court
        Western District of Pennsylvania

        *Counsel for Plaintiffs*
        Thomas D. Berret, Esquire
        Hal K. Waldman & Associates

        *Counsel for Defendant*
        Daniel L. Rivetti, Esquire
        Robb Leonard Mulvihill LLP